IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**RALEY'S AUTO SALES, LLC,** *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION 12-0363-WS-C |

**ORDER**

This matter comes before the Court on plaintiff's second Motion for Extension of Time to Respond to Motion to Dismiss (doc. 13). On July 3, 2012, the undersigned entered an Order (doc. 12) granting plaintiff's first request for extension on the ground that the parties were engaged in serious, productive settlement negotiations that could moot the entire controversy, including the underlying Motion to Dismiss. The July 3 Order directed that plaintiff's response to the Motion to Dismiss must be filed on or before July 12, 2012, with defendants' reply to follow on or before July 19, 2012.

In its timely second Motion for Extension, plaintiff explains that the parties are still working to reach a settlement, but that those efforts have not yet been successful. Plaintiff correctly notes that the interests of efficiency and judicial economy would be promoted by not forcing an expenditure of resources by the parties and the Court to litigate and adjudicate a motion that may or may not even be necessary. On that basis, plaintiff requests a 10-day enlargement of the present deadlines, and indicates that defendants' counsel does not oppose such request.

The undersigned concurs that committing both judicial and litigant resources to a Motion to Dismiss for a matter that may be on the brink of settlement is neither efficient nor necessary in the context of this case. For that reason, and given defendants' acquiescence, the Court finds good cause and **grants** this second Motion for Extension. The July 3 Order is **amended** to provide that plaintiff's response to defendants' Motion to Dismiss must be filed on or before

**July 23, 2012**, and that defendants' reply, if any, is due by no later than **July 30, 2012**.  If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled.  Otherwise, defendants' Motion to Dismiss will be taken under submission after **July 30, 2012**.

Notwithstanding the foregoing, the parties should not assume that this action will linger in suspended animation indefinitely while they explore settlement possibilities at their leisure.  It is an entirely normal and ordinary practice for litigation and settlement negotiations to proceed as contemporaneous, not separate, activities.  At some point, this case needs to move forward if the parties' negotiations do not bear fruit.  Having now granted the parties two extensions of the briefing schedule on the Motion to Dismiss, the Court does not anticipate entering a third, barring a much more definite indication that settlement is imminent than has been articulated by the parties to date.  In short, the parties are strongly encouraged to put these next 10 days to good use.

DONE and ORDERED this 13th day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE